UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. PRICHARD,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:11-cv-664

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On September 23, 2011, Plaintiff, through counsel, initiated this lawsuit, seeking judicial review of an adverse decision by the Commissioner of Social Security that denied him benefits under the Social Security Act.  On  December 16, 2011, the Defendant filed a motion to dismiss this social security appeal, or alternatively, for summary judgment, on grounds that Plaintiff's complaint is time-barred.  (Doc. 6).  In addition to filing a belated response in opposition to Defendant's motion, Plaintiff filed a separate motion seeking a finding of "excusable neglect" sufficient to toll the applicable statute of limitations in this case.  (Doc. 9).

Defendant initially filed no response to Plaintiff's motion.  However, on March 6, 2012, Plaintiff himself filed an "amended" response to Defendant's motion to dismiss as well as an amendment to his alternative motion for a finding of excusable neglect.  (Doc. 10).  Plaintiff states in his amended response that on February 24, 2012, counsel received

1

an order from the Appeals Council granting Plaintiff a retroactive extension of time in which to file a civil action, up to and including the filing date of this action on September 23, 2011.

The Commissioner has filed neither a reply memorandum in support of Defendant's motion to dismiss nor a response in opposition to Plaintiff's alternative motion for a finding of excusable neglect.  Instead, the Defendant recently filed both an Answer to the Complaint and a copy of the certified administrative record.  (Docs. 10, 11).

Technically, the fact that the Appeals Council has granted a retroactive extension of time to Plaintiff in which to initiate a civil lawsuit moots both parties' motions.   In other words, Plaintiff's lawsuit in this Court is timely because it was filed within the limitations period permitted by statute.  Section 205(g), 42 U.S.C. §405(g) permits a civil action to be commenced within sixty days after the mailing of a notice of the Commissioner's decision "or within such further time as the Commissioner may allow."  Because the Commissioner has allowed the initiation of this lawsuit beyond the original sixty day limitation that otherwise is prescribed, **IT IS RECOMMENDED THAT**:

1.  Defendant's motion to dismiss or alternative motion for summary judgment (Doc. 6) be **DENIED as moot;**

2. Plaintiff's motion for a finding of excusable neglect (Doc. 9) likewise be **DENIED as moot,** with Plaintiff's statement of errors to be filed on or before May 17, 2012.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JOHN C. PRICHARD,                                         Case No. 1:11-cv-664

    Plaintiff,                                            Beckwith, J.
                                                           Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).