UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. PRICHARD,  Case No. 1:11-cv-664

    Plaintiff,  Beckwith, J.
      Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

The procedural history of this social security case was previously recounted in a Report and Recommendation filed on April 2, 2012, but is repeated here for the convenience of this Court:

> On September 23, 2011, Plaintiff, through counsel, initiated this lawsuit, seeking judicial review of an adverse decision by the Commissioner of Social Security that denied him benefits under the Social Security Act. On December 16, 2011, the Defendant filed a motion to dismiss this social security appeal, or alternatively, for summary judgment, on grounds that Plaintiff's complaint is time-barred. (Doc. 6). In addition to filing a belated response in opposition to Defendant's motion, Plaintiff filed a separate motion seeking a finding of "excusable neglect" sufficient to toll the applicable statute of limitations in this case. (Doc. 9).

> Defendant initially filed no response to Plaintiff's motion. However, on March 6, 2012, Plaintiff himself filed an "amended" response to Defendant's motion to dismiss as well as an amendment to his alternative motion for a finding of excusable neglect. (Doc. 10). Plaintiff states in his amended response that on February 24, 2012, counsel received an order from the Appeals Council granting Plaintiff a retroactive extension of time in which to file a civil action, up to and including the filing date of this action on September 23, 2011.

1

> .......[T]he Defendant recently filed both an Answer to the Complaint and a copy of the certified administrative record. (Docs. 10, 11).
>
> Technically, the fact that the Appeals Council has granted a retroactive extension of time to Plaintiff in which to initiate a civil lawsuit moots both parties' motions. In other words, Plaintiff's lawsuit in this Court is timely because it was filed within the limitations period permitted by statute. Section 205(g), 42 U.S.C. §405(g) permits a civil action to be commenced within sixty days after the mailing of a notice of the Commissioner's decision "or within such further time as the Commissioner may allow."

(Doc. 14). Based upon the fact that the Commissioner authorized Plaintiff's lawsuit as timely filed some months *after* its filing in this Court, the Court denied Defendant's motion to dismiss Plaintiff's appeal as time-barred, and denied Plaintiff's motion for finding of excusable neglect. (*Id.*).

Once a certified administrative record is filed, a plaintiff has forty-five (45) days in which to file a statement of errors. *See* General Order Cincinnati 12-01,[1] Magistrate Judges' General Order Concerning Social Security Appeals (February 21, 2012). That date expired on or about May 14, 2012. To ensure that this case would proceed on course, the Court's Report and Recommendation and subsequent Order also expressly directed Plaintiff to file his statement of errors "on or before May 17, 2012." (*Id.* at ¶2, adopted by Doc. 15).

Plaintiff sought no extension, and failed to file his statement of errors in the time allotted. Based upon Plaintiff's failure to file his statement of errors, the Court entered a "show cause" order on July 5, 2012, directing Plaintiff to "**show cause**, on or before **July 20, 2012**, for his failure to file a timely Statement of Errors," explaining that the Court would

---

[1] The Order appears to be mistakenly listed on the Court's website under Cincinnati Orders as General No. 12-02.

"accept a belated Statement of Errors to be tendered as an exhibit to Plaintiff's explanation of cause" if filed by July 20, 2012, but expressly warning counsel that "[a] failure to comply with this order may result in the recommended dismissal of Plaintiff's case for failure to prosecute." (Doc. 16). As the Court noted in its Order to Show Cause, "[p]articularly in light of the procedural history of this case, Plaintiff's failure to timely file a statement of errors cannot be easily excused." (*Id.*).

Plaintiff has failed to heed the Court's warning that his failure to timely file a statement of errors or comply with the Court's Order placed his case in jeopardy. The record reflects that Plaintiff has failed to file any response at all to the Court's last Order. Accordingly, **IT IS RECOMMENDED THAT:**

This case be **DISMISSED** based upon Plaintiff's failure to prosecute and failure to comply with the Court's Order directing him to "show cause" for his failure to file a statement of errors.

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN C. PRICHARD,                      Case No. 1:11-cv-664

    Plaintiff,                           Beckwith, J.
                                         Bowman, M.J.

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).